IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNIE R. STALSBERG, as trustee to the Ralph O. Stalsberg Irrevocable Trust I; and RALPH O. STALSBERG, individually,<br><br>Plaintiffs, Counterclaim-Defendants,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>Defendants, Counterclaim-Plaintiffs. | **NEW YORK LIFE'S MOTION TO COMPEL COVENTRY CAPITAL TO PRODUCE DOCUMENTS AND 30(b)(6) TESTIMONY**<br><br>**Oral Argument Requested**<br><br>Misc. No. _____<br><br>(Utah No. 2:07-cv-29)<br><br>Judge _____ |

New York Life is a defendant and counterclaim-plaintiff in a lawsuit pending in the United States District Court for the District of Utah ("the Utah lawsuit"). The issue in that case is whether NY Life properly rescinded a life insurance policy insuring the life of Ralph Stalsberg. NY Life rescinded that policy after discovering that it had been acquired pursuant to a Coventry "Premium Finance Plus" program which, NY Life contends, has as its purpose the generation of new life insurance policies that will be sold to investors.

In an effort to discover potentially dispositive facts, NY Life seeks to compel Coventry to produce highly relevant, non-privileged documents, and to respond to deposition questions on highly relevant, non-privileged topics. In particular, NY Life respectfully moves for an Order compelling Coventry to respond in full t NY Life's Amended Subpoena, served upon Coventry on February 25, 2008. In particular, NY Life seeks an Order compelling production of the following categories of documents:

(a) Financial records demonstrating the amount of money Coventry has made, and expects to make, on the Stalsberg NYL Policy and other policies insuring the life of Ralph Stalsberg.(b) Documents, information, or communications relating to life insurance policies that were considered, applied for, and/or obtained from companies *other* than NY Life, but that also insure the life of Ralph Stalsberg.

(c) Coventry's contracts with the other persons who were involved in the marketing or servicing of the Stalsberg NYL Policy, and of other policies insuring the life of Ralph Stalsberg, and Coventry's communications with those persons regarding Ralph Stalsberg.

(d) Internal documents and information describing Coventry's PFP program, including business plans or proposals relating to the program and data concerning the outcomes of policies obtained through the PFP program.

These documents are directly relevant to the claims and defenses in the Stalsberg litigation because they show that the Coventry premium financing program used by the Stalsbergs to acquire a policy from NY Life has the prohibited purpose of obtaining new life insurance policies for the purpose of selling those policies to investors having no interest in the life of the insured. That fact is directly relevant to supporting NY Life's claims and to rebutting claims made by the Stalsbergs. NY Life is therefore entitled to the information it has requested.

New York Life relies on the attached supporting memorandum of law, which contains a detailed explanation of the reasons this Motion should be granted in favor of New York Life.

Dated this 24th day of April, 2008.

Robert A. Magnanini (PA Bar No. 70630)

(E.D. Pa. Signature Code: RAM6635)
BOIES, SCHILLER & FLEXNER LLP
150 John F. Kennedy Parkway
Fourth Floor
Short Hills, NJ 070708
Telephone: (973) 218-1111
rmagnanini@bsfllp.com

Hamish P.M. Hume (*pro hac vice* pending)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue
Washington, DC 20005
Telephone: (202) 237-6131
hhume@bsfllp.com

Scott M. Petersen
David N. Kelley
FABIAN & CLENDIN,
A Professional Corporation
Twelfth Floor
214 South State Street
P.O. Box 510210
Salt Lake City, UT 84151
Telephone: (801) 531-8900
spetersen@fabianlaw.com

*Attorneys for Defendants*