IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNIE R. STALSBERG, as trustee to the Ralph O. Stalsberg Irrevocable Trust I; and RALPH O. STALSBERG, individually,<br><br>    Plaintiffs, Counterclaim-Defendants,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>    Defendants, Counterclaim-Plaintiffs. | **NEW YORK LIFE'S MOTION TO SEAL DOCUMENTS**<br><br>Misc. No. _____<br><br>(Utah No. 2:07-cv-29)<br><br>Judge _____ |

New York Life Insurance Company and New York Life Insurance and Annuity Corporation (collectively, "NY Life") is a defendant and counterclaim-plaintiff in a lawsuit pending in the United States District Court for the District of Utah ("the Utah lawsuit"). In an effort to discover potentially dispositive facts, NY Life has today filed a Motion to Compel Coventry Capital to Produce Documents and 30(b)(6) Testimony. In support of that motion, NY Life has attached in an appendix certain documents that have been designated as confidential under the Stipulated Protective Order in place in the Utah lawsuit.

NY Life hereby moves the Court to seal the documents contained in the bound volume labeled "Appendix – Sealed Documents" filed in conjunction with its Motion to Compel, as required by the Stipulated Protective Order entered by the United States District Court for the District of Utah. The documents contained in that volume are identified as Exhibits 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, and 32 to the Motion to Compel. In accordance with Local Rule 7.1, NY Life has filed a brief memorandum in support of this motion.

Dated this 24th day of April, 2008.

/s/

Robert A. Magnanini (PA Bar No. 70630)
(E.D. Pa. Signature Code: RAM6635)
BOIES, SCHILLER & FLEXNER LLP
150 John F. Kennedy Parkway
Fourth Floor
Short Hills, NJ 070708
Telephone: (973) 218-1111
rmagnanini@bsfllp.com

Hamish P.M. Hume (*pro hac vice* pending)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue
Washington, DC 20005
Telephone: (202) 237-6131
hhume@bsfllp.com

Scott M. Petersen
David N. Kelley
FABIAN & CLENDIN,
A Professional Corporation
Twelfth Floor
214 South State Street
P.O. Box 510210
Salt Lake City, UT 84151
Telephone: (801) 531-8900
spetersen@fabianlaw.com

*Attorneys for Defendants*

# Exhibit 1



RECEIVED
OCT 19 2007
OFFICE OF U.S. DISTRICT JUDGE
BRUCE S. JENKINS

FILED
U.S. DISTRICT COURT

2007 NOV -8  A 10: 43

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

ERIK A. CHRISTIANSEN (7372)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Email Address: echristiansen@parsonsbehle.com
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RALPH O. STALSBERG, an individual, LONNIE R. STALSBERG, AS TRUSTEE FOR, THE RALPH O. STALSBERG IRREVOCABLE TRUST I dtd. 9/28/2004,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>Defendants. | [PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Civil Action No. 2:07-cv-00029-BSJ<br><br>Judge: Hon. Bruce S. Jenkins |

Plaintiffs and counter-defendants Ralph O. Stalsberg and Lonnie R. Stalsberg, as Trustee for, the Ralph O. Stalsberg Irrevocable Trust I dtd. 9/28/2004 (collectively, Plaintiffs") and defendants New York Life Insurance Company and New York Life Insurance And Annuity Corporation (collectively, "Defendants"), subject to approval by the Court, hereby stipulate and agree as follows:

WHEREAS, the parties contend that discovery in this case is going to involve highly confidential, proprietary and/or private financial and/or business information.

1005986.1

WHEREAS, the parties contend that there is "good cause" pursuant to Fed. R. Civ. P. 26(c)(7) to protect the parties' respective confidential, proprietary and/or private financial and/or business information from competitors and/or the general public.

WHEREAS, the parties contend that entry of a protective order will promote discovery, and will encourage third-parties to turn over relevant information if they are made aware of the protections available under the protective order.

NOW, THEREFORE, subject to approval by the Court, it is hereby Stipulated, Ordered, Adjudged and Decreed that:

A.  This Order covers the production of all discovery materials in this action, including but not limited to all documents, contracts, agreements, manuscripts, correspondence, telegrams, telexes, computer printouts, e-mail communications and attached files, reports, records, schedules, customer lists, diaries, invoices, purchase orders, accounting records and work sheets, charts, notes, estimates, summaries, inventories, drawings, blueprints, minutes of meetings, and memoranda (including intracorporate, interoffice and intraoffice memoranda), and memoranda regarding conferences, conversations or telephone conversations, any and all other taped, recorded, filmed, written or typed matters of any kind or descriptions, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, all interrogatory answers, answers to requests for admissions and depositions, any physical objects, samples, or other items, and which constitute, contain or disclose, in whole or in part, information which the designating party deems to be a "a trade secret or other confidential, research, development or commercial information" within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. This Order is not limited to

discovery materials obtained directly from the parties. It also covers any confidential material obtained from non-parties through subpoena or court order.

B. "Confidential document" means any document that the producing person or entity believes in good faith to contain non-public and highly confidential and proprietary business or trade secret information, including, but not limited to, non-public information concerning:

- Research materials;
- Internal accounting books and records;
- Terms of expert and professional compensation;
- Research and developmental methodologies;
- Pricing and risk assessment information;
- Confidential agreements entered into between parties to this action and third parties;
- Other insurance policies and related application information;
- Advice from experts concerning potential products, methods and procedures;
- Potential distribution strategies and related information;
- Internal business and development strategies;
- Internal competitive analysis;
- Internal product or potential product analysis;
- Internal market and/or distribution analysis;
- Internal risk analysis;
- Private health care information;
- Competitive information; and
- any other non-public information that in good faith is otherwise properly designated "Confidential Information".

C. "Confidential Information" means all documents, testimony or information which the designating party believes in good faith to be a "trade secret or other confidential research, development or commercial information" within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. "Trade Secret" means information, including, but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers,

that: (i) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality. "Confidential Information" means any information that the disclosing person or entity believes in good faith to contain non-public and highly confidential and proprietary business or trade secret information, including, but not limited to, non-public information concerning:

- Research materials;
- Internal accounting information;
- Terms of expert and professional compensation;
- Research and developmental methodologies;
- Pricing and risk assessment information;
- Confidential agreements entered into between parties to this action and third parties;
- Other insurance policies and related application information;
- Advice from experts concerning potential products, methods and procedures;
- Potential distribution strategies and related information;
- Internal business and development strategies;
- Internal competitive analysis;
- Internal product or potential product analysis;
- Internal market and/or distribution analysis;
- Internal risk analysis;
- Private health care information; and
- any other non-public information that in good faith is otherwise properly designated "Confidential Information".

D.  "Attorneys' Eyes Only document and/or Attorneys' Eyes Only Information" means any document and/or information that the producing person or entity believes in good faith to contain highly sensitive, non-public and highly confidential and proprietary business or trade secret information.

1005986.1                                    4

E.   All testimony that refers to Confidential documents or Information, or Attorneys' Eyes Only documents or Information, and all deposition exhibits that consist of confidential documents or contain confidential information, or Attorneys' Eyes Only documents or Information, shall be deemed designated as "Confidential Information" or "Attorneys' Eyes Only Information", as applicable, on the record at the deposition.

F.   With respect to the depositions of any party or witness wherein they respond to questions regarding Confidential Information, or testify with respect to information designated (or to be designated) as "Confidential Information," at the request of the producing party, such depositions or portions thereof shall be taken with no one present except (a) attorneys of record for the parties and their employees; (b) a party representative; (c) the witness; and (d) a stenographer. The designated confidential portions of each such transcript shall be separately bound by the court reporter and labeled as containing "Confidential Information Subject To Court Order" and shall be treated as Confidential Information under this Order. All persons present at the taking of such depositions shall be enjoined from disclosing in any manner directly or indirectly, the testimony of deponents to any person other than as permitted under this Order.

G.   With respect to the depositions of any party or witness wherein they respond to questions regarding "Attorneys' Eyes Only Information", or testify with respect to information designated (or to be designated) as "Attorneys' Eyes Only Information," at the request of the producing party, such depositions or portions thereof shall be taken with no one present except (a) attorneys of record for the parties and their employees; (b) the witness; and (c) a stenographer. The designated confidential portions of each such transcript shall be separately bound by the court reporter and labeled as containing "Attorneys' Eyes Only Information

Subject To Court Order" and shall be treated as Attorneys' Eyes Only Information under this Order. All persons present at the taking of such depositions shall be enjoined from disclosing in any manner directly or indirectly, the testimony of deponents to any person other than as permitted under this Order.

H. At a deposition or upon written notice after receiving a volume of deposition transcript, any of the parties or the deponent may designate specific testimony, transcript pages, or exhibits as Confidential Information or Attorneys Eyes Only Information by notice on the record at the deposition or in writing to counsel for all parties and the deponent. If no designation is made at the deposition or written notice provided after a deposition, none of the testimony contained in the transcript will be treated as confidential or attorneys' eyes only.

I. Any and all documents and other materials or information produced in the course of this litigation which contain Confidential Information with regard to any party, and which shall be designated by the producing party as "Confidential," shall be held confidential by counsel for the parties and the party receiving said information. Such Confidential Information may be disclosed only to: (a) counsel of record of this action and his/her employees or outside copy services or document management contractors; (b) the principals and employees of the receiving party; (c) the Court and its employees; (d) court reporters; (e) third-party witnesses who drafted, authored, received or viewed such Confidential Information prior to their deposition subject to Paragraph M below; and (f) consulting and/or testifying experts subject to paragraph M below. Such information shall not be used by any receiving counsel or other persons, third-parties or party or any of their officers, agents or employees for any purpose other than for this litigation.

J.  Any and all documents and other materials or information produced in the course of this litigation which contain Confidential Information with regard to any party, and which shall be designated by the producing party as "Attorneys' Eyes Only," shall be held confidential by counsel for the parties. Such Attorneys Eyes Only Information may be disclosed only to: (a) counsel of record of this action and his/her employees or outside copy services or document management contractors; (b) the Court and its employees; (c) court reporters; (d) third-party witnesses who drafted, authored, received or viewed such Attorneys' Eyes Only Information prior to their deposition subject to Paragraph M below; and (e) consulting and/or testifying experts who are not employed by or associated with any competitor of Defendants subject to paragraph N below. Such information shall not be used by any receiving counsel or other persons, third-parties or party or any of their officers, agents or employees for any purpose other than this litigation.

K.  Documents and materials or information produced for copying in accordance with this Order shall be marked "Confidential" or "Attorneys' Eyes Only." Documents or other information produced for inspection but not copied may be orally designated as Confidential Information.

L.  "Confidential Information" and "Attorneys' Eyes Only Information" also includes information designated orally as part of a deposition or court proceeding, revealed during a deposition, in a document, in an interrogatory answer, by production or tangible evidence, or otherwise.

M.  For those persons identified above, counsel for the receiving party shall instruct and direct any such persons to whom disclosure is made that they shall not make any further

disclosure of such information in any manner and that such information can only be used for purposes of this litigation. Prior to disclosing any designated Confidential Information to any person identified above, counsel for the disclosing party shall ensure that the person execute the Confidentiality Agreement in the form of Exhibit A attached hereto.

N.   With respect to Attorneys' Eyes Only Information, prior to disclosing any designated Attorneys' Eyes Only Information to any consulting or testifying expert, counsel for the disclosing party shall provide written notice to the producing party of the name, title, address and employer of the consulting or testifying expert to whom counsel would like to disclose the Attorneys' Eyes Only Information. The producing party shall then have ten (10) business days to object or consent. If the producing party does not respond within ten (10) business days, the lack of response shall be deemed a consent. If the producing party objects, the Attorneys' Eyes Only Information cannot be shown to the consulting or testifying expert, absent a Court order. A consulting or testifying expert to whom is provided Attorneys' Eyes Only Information shall execute the Confidentiality Agreement in the form of Exhibit A attached hereto.

O.   Pending further court order, no disclosure of Confidential Information shall be made to any other third-party, including prospective witnesses, except as set forth above herein.

P.   Counsel for and all parties to this action shall take reasonable appropriate precautions to avoid loss and/or inadvertent disclosure of the documents and materials containing Confidential Information and shall so instruct any non-party to whom such "Confidential Information" is made available.

Q.   The restrictions set forth in any of the preceding paragraphs shall not apply to information which:

  (a) had become public knowledge other than in violation of this order;

  (b) is acquired by the non-designating party from a third party lawfully in possession of such information and/or having no obligation to the owner thereof; or

  (c) was lawfully possessed by the non-designating party prior to discovery in this action.

R. Confidential and Attorneys' Eyes Only documents and testimony shall not be filed with the Clerk of the Court except as consistent with the Court's Local Rules and except when required by rule of law or in connection with motions or other matters pending before the Court. Any Confidential Information and Attorneys' Eyes Only Information, confidential documents, and confidential testimony shall be filed under seal to the extent permitted by the Court and consistent with the Local Rules. Confidential Information and Attorneys' Eyes Only Information filed under seal shall be placed in a sealed envelope and shall identify that the envelope contains Confidential Information or Attorneys' Eyes Only Information subject to Court Order, which is being filed under seal.

S. Nothing in this Order shall preclude or prevent any party or third-party from permitting or consenting to a broader or wider dissemination of its own documents, materials and information that were produced by such party or third-party. This Protective Order shall be without prejudice to the right of any party to bring before the Court at any time the question of:

  (i) whether any particular information is or is not confidential; or

  (ii) whether any particular information should be disclosed to other third-parties for purposes of preparation of this case.

A party who desires to challenge a confidentiality or attorneys' eyes only designation must send written notice of such a challenge to opposing counsel. The written notice to challenge a confidentiality or attorneys' eyes only designation must identify: (a) each document which is challenged; and (b) the reasons why the challenging party believes the document is not confidential and should not be treated as confidential pursuant to the protective order. Following receipt of a written challenge to a confidentiality designation, the producing or designating party shall confer with opposing counsel in a good faith attempt to resolve the potential dispute. If the parties are unable to resolve the dispute within ten business (10) days, the challenging party may file a motion with the Court seeking the Court's assistance in determining whether the documents, depositions, information, or exhibits are or are not properly designated as confidential. Any such motion shall be determined in accordance with the standards under the Federal Rules of Civil Procedure and there shall be no presumption of protection as a result of this Order. Nothing herein shall affect any party's right to object to any discovery request, including the right to assert that no discovery should be had or certain documents or information produced.

T.   Nothing in this Protective Order shall be deemed a waiver of any party's right to oppose production of any information or documents for any other reason.

U.   If a producing party inadvertently produces documents or information protected by the attorney-client privilege and/or attorney work product privilege, upon written notice to the receiving party, the receiving party shall return all copies of the privileged documents or information to the producing party. If a producing party inadvertently neglects to mark a document or deposition transcript as Confidential or Attorneys Eyes Only, upon written notice to

the receiving party, the producing party can redesignate the inadvertently produced documents or information as Confidential Information or Attorneys' Eyes Only Information.

V.   Within sixty (60) days of final termination of this action, if no other disposition is agreed to, all documents, materials, and other information supplied by a producing party designated as Confidential and Attorneys' Eyes Only and all copies thereof shall be returned to counsel for the producing party or shall be destroyed. All written extracts from such documents, including abstracts, summaries, descriptions, lists, synopses, or other writings reflecting or revealing the contents of such documents, materials, or information within the possession, custody, or control of counsel or their respective clients shall be so delivered to counsel for the producing party or shall be destroyed. In the event such documents, materials or information are destroyed, counsel for the destroying party shall so represent to counsel for the producing party in writing.

W.   Unless otherwise ordered by the Court, the parties have agreed that in order not to delay the exchange and production of confidential information in this lawsuit, that upon full and complete execution of this Protective Order by counsel, the parties will be bound by its terms. In the event that the Court does not approve this Protective Order by, for example, requiring modification of its terms, rejecting its use, or otherwise delaying in entry of the Protective Order, the parties nonetheless agree to maintain and preserve as confidential all information, documents, depositions, and exhibits designated as Confidential or Attorney's Eyes Only pursuant to this Protective Order pending entry of the Protective Order, entry of a modified Protective Order, and during the pendency of any and all appeals filed in the event that the Court refuses to allow entry of a Protective Order in this case. The parties shall not use the Court's delay in execution of the

Protective Order, the Court's modification of the Protective Order, or the Court's refusal to enter a Protective Order as an excuse or reason to claim that information, documents, depositions and exhibits designated as Confidential are no longer confidential. The party in receipt of Confidential information from the producing party shall maintain the confidential nature of all Confidential information pending exhaustion of any and all appeals that can be filed to preserve the confidential nature of such Confidential information.

GOOD CAUSE appearing therefore, IT IS SO ORDERED:

    X.    This Stipulated Protective Order can be modified, amended or altered by Order of the Court.

DATED this 7th day of Nov., 2007.

_____
Honorable Bruce S. Jenkins
United States District Court Judge

APPROVED AS TO FORM:

_____
Erik A. Christiansen
Parsons Behle & Latimer
Counsel for Plaintiffs

_____
Scott M. Petersen
Fabian & Clendenin
Counsel for Defendants

## EXHIBIT A

I, _____, hereby acknowledge that I have read the Stipulated Protective Order entered in the case of Ralph O. Stalsberg, et al. v. New York Life Insurance Company, et al., Case No. 2:07-cv-00029-BSJ. I agree to be bound by all terms of the Stipulated Protective Order, and consent to the jurisdiction of the United States District Court for the District of Utah for purposes of enforcement of the terms of the Stipulated Protective Order.

_____
Name

_____
Title

_____
Name of Employer

_____
Address

1005986.1