IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LONNIE R. STALSBERG, as trustee to the Ralph O. Stalsberg Irrevocable Trust I; and RALPH O. STALSBERG, individually, | : : : : : | |
| Plaintiffs and Counterclaim-Defendants, | : : : | MISC. NO. 08-071 |
| v. | : : | |
| NEW YORK LIFE INSURANCE COMPANY; and NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, | : : : : : | |
| Defendant and Counterclaim-Plaintiffs. | : : | |

## ORDER

AND NOW, this 3rd day of *June*, 2008, upon consideration of the Motion by Defendants/ Counterclaim-Plaintiffs New York Life Insurance Company and New York Life Insurance and Annuity Corporation (collectively "New York Life") to Compel Coventry Capital I, LLC ("Coventry") to Produce Documents and 30(b)(6) Testimony (Doc. No. 1), the Response thereto of Coventry (Doc. No. 10) and New York Life's Reply (Doc. No. 11), it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. With respect to the first category of disputed documents, Coventry shall not be required to produce financial records demonstrating the amount of money Coventry has made, and expects to make, on the Stalsberg New York Life Policy and other policies insuring the life of Ralph Stalsberg.

2. With respect to the second category of disputed documents, Coventry shall produce any documents or communications in its possession related to non-New York Life policies actually issued to insure the life of Ralph Stalsberg, only to the extent they are not duplicative of discovery already produced in the lawsuit pending in the United States District Court for the District of Utah ("the Utah lawsuit"). Coventry shall not

        be required to produce documents or communications relating to insurance policies on the life of Ralph Stalsberg that were considered or applied for, but not actually obtained.

3. With respect to the third category of disputed documents, Coventry shall produce its contract with the Burgess Group, as well as all communications with the Burgess Group regarding the marketing or servicing of the Stalsberg New York Life Policy. Coventry shall not be required to produce its contracts with persons or companies, other than the Burgess Group, that participated in Stalsberg's use of Coventry's Premium Finance Plus program.

4. With respect to the fourth category of disputed documents, Coventry shall produce its internal documents and information describing Coventry's Premium Finance Plus program, including business plans or proposals relating to the program. Coventry shall not be required to create a summary or statistical chart showing the proportion of life insurance policies procured via the Coventry Premium Finance Plus program that are ultimately acquired by third party investors. New York Life may, however, depose a Coventry official on this topic.

It is further **ORDERED** that Coventry shall produce all of the required documentation within twenty (20) days from the date of this Order.

It is further **ORDERED** that Coventry may mark any of the above documents "Attorneys Eyes Only," pursuant to the protective order issued in the Utah litigation on November 7, 2007.

It is further **ORDERED** that Coventry shall produce one or more Rule 30(b)(6) witnesses to give testimony on (a) any of the topics for which this Court has compelled Coventry to produce documents and (b) any other deposition topics listed New York Life Insurance Company's Amended Subpoena served on February 25, 2008, to which Coventry did not object.

BY THE COURT:

      *s/ Ronald L. Buckwalter*
      RONALD L. BUCKWALTER, S.J.